**Form 149**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re:

**Patricia A. Haberman**
    Debtor(s)

Bankruptcy Case No.: 16–22816–CMB
Issued Per Apr. 27, 2017 Proceeding
Chapter: 13
Docket No.: 32 – 5, 28
Concil. Conf.: at

## ORDER OF COURT CONFIRMING PLAN AS MODIFIED
## AND SETTING DEADLINES FOR CERTAIN ACTIONS

### *(1.)  PLAN CONFIRMATION:*

IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated July 28, 2016 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☑ A.    For the remainder of the Plan term, the periodic Plan payment is amended to be $1,898 as of May 2017. Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐ B.    The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☐ C.    Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on at , in .* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☐ D.    Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☐ E.    The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐ F.    shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☐ G.    The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: .

☑ H.    Additional Terms: The secured claim of First Commonwealth Bank at Claim No. 1 shall govern as to claim amount, to be paid at modified plan terms.

*(2.)    IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:*

**A.        Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty–eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty–eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.        Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.        Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021–1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.        Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.        Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

**(3.)    *IT IS FURTHER ORDERED THAT:***

**A.**    After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.**    Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.**    Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty–one (21) days prior to the change taking effect.

**D.**    Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016–1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.**    The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre–confirmation defaults in any subsequent motion to dismiss.

**F.**    In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any ***secured claim*** that is secured by the subject property, unless directed otherwise by further Order of Court.

Carlota M. Böhm, Judge
United States Bankruptcy Court

Dated: May 2, 2017

cc:  All Parties in Interest to be served by Clerk in seven (7) days

United States Bankruptcy Court
Western District of Pennsylvania

In re:                                                          Case No. 16-22816-CMB
Patricia A. Haberman                                           Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0315-2        User: jhel          Page 1 of 2          Date Rcvd: May 02, 2017
                           Form ID: 149         Total Noticed: 19

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 04, 2017.
db           +Patricia A. Haberman,    5538 Lantern Hill Drive Ext.,   Pittsburgh, PA 15236-1685
14267190     ++BANK OF AMERICA,    PO BOX 982238,    EL PASO TX 79998-2238
               (address filed with court: Bank of America,    PO Box 15019,   Wilmington, DE 19886-5019)
14310210      Capital One NA,    c/o Becket and Lee LLP,   PO Box 3001,   Malvern PA 19355-0701
14270158     ##+First Commonwealth Bank,    c/o McGrath McCall, P.C.,   Three Gateway Center, Suite 1375,
               401 Liberty Avenue,    Pittsburgh, PA 15222-1004
14309127     +Midland Funding LLC,    PO Box 2011,   Warren, MI 48090-2011
14267195     +Omega Federal Credi Union,    PO Box 15038,   Pittsburgh, PA 15237-0038
14267196     +PNC Bank,    2730 Liberty Avenue,   Pittsburgh, PA 15222-4747
14312934     +PNC Mortgage,    3232 Newmark Drive,   Miamisburg, OH 45342-5433
14267197      Target,    PO Box 660170,   Dallas, TX 75266-0170

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
14267188      E-mail/PDF: gecsedi@recoverycorp.com May 03 2017 00:54:42    Amazon.com,   c/o Synchrony Bank,
               PO Box 960013,   Orlando, FL 32896-0013
14267189     +E-mail/Text: bk@avant.com May 03 2017 01:03:32    Avant,   222 N. LaSalle St., Suite 1700,
               Chicago, IL 60601-1101
14267191     +E-mail/Text: rwatters@pfsc.com May 03 2017 01:03:36    Circle Back Lending,   777 Yamato Road,
               Suite 400,   Boca Raton, FL 33431-4498
14267192      E-mail/Text: bankruptcynotice@fcbanking.com May 03 2017 01:02:47    First Commonwealth Bank,
               P. O. Box 400,   Indiana, IN 15701-0400
14267193      E-mail/Text: bnckohlsnotices@becket-lee.com May 03 2017 01:02:48    Kohl's Credit,
               PO Box 3043,   Milwaukee, WI 53201-3043
14330452      E-mail/PDF: resurgentbknotifications@resurgent.com May 03 2017 00:54:46
               LVNV Funding, LLC its successors and assigns as,   assignee of LC Trust I,
               Resurgent Capital Services,   PO Box 10587,   Greenville, SC 29603-0587
14332462      E-mail/PDF: resurgentbknotifications@resurgent.com May 03 2017 00:54:46
               LVNV Funding, LLC its successors and assigns as,   assignee of Marketplace Investing,
               Aggregation Trust,   Resurgent Capital Services,   PO Box 10587,   Greenville, SC 29603-0587
14267194     +E-mail/Text: bk@lendingclub.com May 03 2017 01:03:30    Lending Club,
               71 Stevenson Street, Suite 300,   San Francisco, CA 94105-2985
14380229     +E-mail/Text: kburkley@bernsteinlaw.com May 03 2017 01:03:36    Omega Federal Credit Union,
               c/o Bernstein-Burkley, P.C.,   707 Grant St. Ste. 2200 Gulf Tower,   Pittsburgh, PA 15219-1945
14333238     +E-mail/Text: bncmail@w-legal.com May 03 2017 01:03:19    TD Bank USA, N.A.,
               C O WEINSTEIN & RILEY, PS,   2001 WESTERN AVENUE, STE 400,   SEATTLE, WA 98121-3132
                                                                                     TOTAL: 10


             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr            PNC BANK, NATIONAL ASSOCIATION
cr*          +First Commonwealth Bank,    c/o McGrath McCall, P.C.,   Three Gateway Center, Suite 1375,
               401 Liberty Avenue,    Pittsburgh, PA 15222-1004
cr*          +Omega Federal Credit Union,    c/o Bernstein-Burkley, P.C.,   707 Grant Street,
               Suite 2200, Gulf Tower,   Pittsburgh, PA 15219-1908
                                                                          TOTALS: 1, * 2, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 04, 2017                        Signature:  /s/Joseph Speetjens

```
District/off: 0315-2        User: jhel            Page 2 of 2            Date Rcvd: May 02, 2017
                           Form ID: 149           Total Noticed: 19
```

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 2, 2017 at the address(es) listed below:

```
          Daniel R. Schimizzi    on behalf of Creditor    Omega Federal Credit Union
           dschimizzi@bernsteinlaw.com,
           cwirick@bernsteinlaw.com;pghecf@bernsteinlaw.com;dschimizzi@ecf.courtdrive.com;cwirick@ecf.courtd
           rive.com
          James  Warmbrodt    on behalf of Creditor    PNC BANK, NATIONAL ASSOCIATION bkgroup@kmllawgroup.com
          Joshua I. Goldman    on behalf of Creditor    PNC BANK, NATIONAL ASSOCIATION bkgroup@kmllawgroup.com
          Kenneth  Steidl    on behalf of Debtor Patricia A. Haberman julie.steidl@steidl-steinberg.com,
           ken.steidl@steidl-steinberg.com;ifriend@steidl-steinberg.com;asteidl@steidl-steinberg.com;leslie.
           nebel@steidl-steinberg.com;todd@steidl-steinberg.com;cgoga@steidl-steinberg.com
          Kirsten S. Penn    on behalf of Creditor    First Commonwealth Bank kpenn@lenderlaw.com
          Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
          Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
                                                                                      TOTAL: 7
```